UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 0 6 2014

Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| JANE DOE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| EDUCATION, et al. | ) |
| | ) |
| Respondents. | ) |

14-367

ORDER

Petitioner, Jane Doe, proceeding under pseudonym, brings this mandamus action against the United States Department of Education ("DOE") and Secretary of Education, Arne Duncan, alleging violations of the First Amendment, Equal Protection Clause, Due Process Clause, Administrative Procedure Act, 5 U.S.C. § 706(2), Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, and Title VI of the Civil Rights Act of 1964, 42 U.S.C §§ 2000d-2000d-7. Doe filed a complaint with the Office of Civil Rights ("OCR") at DOE on June 28, 2012, alleging that the University of Virginia violated Title IX and Title VI by "failing to provide prompt and equitable redress in connection with [the] investigation and resolution of a matter arising out of severe sexual harassment and misconduct

perpetuated against Petitioner in December 2011." Pet. for Writ of Mandamus and Equitable Relief at 1.  The mandamus action seeks to compel DOE "to provide a prompt investigation and resolution" to the complaint that Doe filed in June 2012.  DOE Compl. ¶ 1.  Doe moves to file her petition under pseudonym to protect her privacy due to the highly sensitive nature of the facts underlying her OCR complaint and to protect her from any retaliation.

In National Association of Waterfront Employers v. Chao, 587 F. Supp. 2d 90 (D.D.C. 2008), the district court outlined factors to assist courts in weighing the competing interests at stake in deciding motions to proceed under pseudonym, given the presumption of access to judicial proceedings and the privacy interests of the party seeking to proceed anonymously.  The factors the Chao court listed include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and

> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

587 F. Supp. 2d at 99 (footnotes omitted).

Jane Doe's motion provides sufficient basis to find that the factors outlined in Chao weigh in favor of granting the motion to proceed pseudonymously. First, the complaint Doe filed with DOE includes sensitive and highly personal information including "details regarding injuries to her vagina." Mot. for Leave to Proceed Under Pseudonym at 2. Second, publicly disclosing Doe's true identity may expose her to the risk of retaliation. Doe alleges that she "endured retaliation and harsh criticism in the aftermath of reporting the underlying incident[.]" Id. at 2. The third factor weighs neither in favor nor against granting Doe's motion to proceed pseudonymously because there is no mention of minor children being at risk should Doe's true identity be disclosed. The fourth factor weighs in favor of granting the motion to proceed under pseudonym because the instant action is against a government actor. See, e.g., Chao, 587 F. Supp. 2d at 99 n.9 ("'When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.'" (quoting Yacovelli v. Moeser, No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004)). The

final factor weighs in favor of granting the motion to proceed under pseudonym because there is no clear risk of unfairness to the respondents at this stage in the case. However, given that the motion is granted only for the purpose of allowing Doe to proceed under pseudonym when she files her petition, if DOE objects to Doe's anonymity, that issue may be fully litigated at a later stage in the case. See Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005).

The factors outlined in Chao weigh in favor of granting petitioner's motion for leave to proceed under pseudonym. In light of petitioner Jane Doe's motion for leave to proceed under pseudonym, it is hereby

ORDERED that the motion for leave to proceed under pseudonym be, and hereby is, GRANTED.

SIGNED this 6th day of March, 2014.

_____
RICHARD W. ROBERTS
Chief Judge